O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXIA MARIBEL O. F.,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 2:18-cv-06957-KES<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**BACKGROUND**

Plaintiff Axia Maribel O. F. ("Plaintiff") applied for Social Security disability benefits on September 29, 2015, alleging disability commencing April 14, 2015, due to diabetes and breast cancer.[2] Administrative Record ("AR") 186-

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

[2] Plaintiff initially claimed an onset date of July 1, 2012, the date when she stopped working. AR 186. She amended the onset date to April 2015 because "there are no medical records" from the earlier years. AR 37. She testified that she started to "feel bad" in 2010 due to diabetes, which is why she quit vocational

1

96. On June 1, 2017, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by a non-attorney representative, appeared and testified, as did a vocational expert ("VE"). AR 21, 34-58. On July 18, 2017, the ALJ issued an unfavorable decision. AR 15-33. The ALJ found that Plaintiff suffered from the medically determinable severe impairments of obesity; diabetes mellitus; and malignant neoplasm of the right breast, status post mastectomy, chemotherapy, and radiation therapy. AR 23. Despite these impairments, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work with a sit/stand option and additional postural limitations. AR 25.

Based on the RFC analysis and the VE's testimony, the ALJ found that Plaintiff could work as a laundry worker, ticket seller, or office helper. AR 27-28. The ALJ concluded that Plaintiff was not disabled. AR 29.

## II.
## ISSUES PRESENTED

<u>Issue One</u>: Whether the ALJ satisfied his duty to develop the record.

<u>Issue Two</u>: Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony. (Dkt. 21, Joint Stipulation ["JS"] at 4.)

## III.
## DISCUSSION

A. **<u>ISSUE ONE: Development of the Record.</u>**

Plaintiff alleges disability based on diabetes with peripheral neuropathy and breast cancer treatment lasting more than 12 months with residual pain and functional limitations. (JS at 5, citing AR 48.) Plaintiff contends that the ALJ did not "fully and fairly develop the record by obtaining an opinion by an examining or treating doctor as to [Plaintiff's] limitations." (<u>Id.</u>)

---

school. AR 40, 227.

**1. The ALJ's Duty to Develop the Record.**

It is Plaintiff's burden to prove that she is disabled. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). Nevertheless, the ALJ in a social security case has an independent "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). This duty extends to the represented as well as to the unrepresented claimant. Id.

As part of this duty, the ALJ has an obligation to take reasonable steps to ensure that issues and questions raised by medical evidence, particularly evidence from treating physicians, are addressed so that the disability determination is fairly made on a sufficient record of information, both favorable and unfavorable to the claimant. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999); Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). The ALJ's duty to recontact a treating physician arises when the evidence received from that physician is inadequate to determine disability, contains a conflict or ambiguity, or is not based on medically acceptable techniques. 20 C.F.R. §§ 404.1512(e), 416.912(e). In addition, the ALJ has a duty to try to obtain additional evidence where there is not "sufficient evidence to decide whether [the claimant is] disabled." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

The ALJ may discharge the duty to develop the record in several ways, including: "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

**2. Summary of the Medical Evidence.**

On January 12, 2016, state agency consultant Dr. Sohn opined that Plaintiff's impairments of breast cancer and diabetes would not prevent Plaintiff from working more than twelve months after onset. AR 72, 75. Dr. Sohn offered

RFC opinions for the period beginning August 20, 2016, i.e., twelve months after her mastectomy.  AR 73.  Dr. Sohn also opined that no consultative examination was necessary.  AR 71.

The AR also contains treating records from (1) L.A. Endocrine Care, Inc. (AR 262-68, AR 298-305); (2) Monterey Park Hospital (AR 275-97; AR 378-89); (3) Clínica Médica Bernales (AR 307-76); (3) Oncology Institute of Hope and Innovation (AR 392-536); and (4) WMMC Cecilia Gonzalez De La Hoya Cancer Center (AR 538-612).  It does not contain any functional capacity questionnaires completed by treating physicians or opinions by a consultative examiner.

At the hearing, the ALJ asked Plaintiff's representative if there was any additional evidence, and the representative said no.  AR 38.  The ALJ left the record open to allow Plaintiff more time to submit additional records.  AR 52-53.  Plaintiff later submitted additional records to the Appeals Council.  (JS at 11.)

The ALJ ultimately gave "little weight" to Dr. Sohn's opinions.  AR 27.  The ALJ noted that Plaintiff had undergone chemotherapy and radiation treatment after Dr. Sohn's opinion.  Id.  The ALJ opined that Plaintiff had a more restricted RFC than did Dr. Sohn.  Compare AR 25, AR 73.

**3. Analysis.**

Plaintiff argues that Dr. Sohn's opinions are entitled to little weight, and since Dr. Sohn was the only doctor to opine on Plaintiff's RFC, the ALJ's RFC determination lacks substantial evidentiary support.  (JS at 7.)  In effect, Plaintiff argues that no administrative record contains sufficient evidence to decide whether a claimant is disabled unless it contains a reliable examining doctor's opinion of the claimant's RFC.  (JS at 5-6.)

As Defendant points out, however, a claimant's RFC is a legal determination made by the ALJ synthesizing all the medical and other evidence in the administrative record.  20 C.F.R. §§ 404.1546(c), 416.946(c) (ALJ, not a doctor or medical expert, is responsible for assessing RFC).  The record contains hundreds

of pages of treating notes. Plaintiff does not advance any arguments that the ALJ's RFC is unsupported by those treating records. Instead, Plaintiff argues that the ALJ's decision was "based on" Dr. Sohn's opinions (JS at 12) when, in fact, the ALJ gave Dr. Sohn's opinions "little weight." AR 27. Plaintiff has not met her burden of proving that further development of the record was required. See Stokes v. Colvin, No. 13-01970, 2014 WL 12531199, at *4 (S.D. Cal. Mar. 14, 2014) ("A claimant's residual functional capacity does not depend on any particular medical opinion, it depends on the ALJ's assessment of all the evidence.").

B. **ISSUE TWO: Plaintiff's Subjective Symptom Testimony.**

**1. Rules for Evaluating Subjective Symptom Testimony.**

It is the ALJ's role to evaluate the claimant's testimony regarding subjective pain or symptoms. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Id. at 1112. An ALJ's assessment of symptom severity is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989).

If an individual alleges impairment-related symptoms, the ALJ must evaluate those symptoms using a two-step process. First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Treichler v. Comm'r of SSA, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting Lingenfelter, 504 F.3d at 1036).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only upon making specific findings that support the conclusion. Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). If the ALJ finds testimony as to the severity of a claimant's pain and impairments is unreliable, then the ALJ must make findings "sufficiently specific to permit the

court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). Absent a finding or affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Lester, 81 F.3d at 834; Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014).

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony," ALJs may consider that factor in their analysis. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). ALJs may also consider inconsistency in the claimant's statements. Ghanim, 763 F.3d at 1163; SSR 16-3p, 2016 SSR LEXIS 4, at *21 ("[The Commissioner] will compare statements an individual makes in connection with the individual's claim for disability benefits with any existing statements the individual made under other circumstances."). If the ALJ's findings are supported by substantial evidence in the record, courts may not engage in second-guessing. Thomas, 278 F.3d at 959.

**2. The ALJ's Reasons for Discrediting Plaintiff's Testimony.**

The ALJ summarized Plaintiff's hearing testimony. AR 25. Plaintiff testified that she can do "minor" household tasks such as "dusting, cleaning, and a little bit of cooking." AR 44. She was unsure whether she could work if she had the opportunity to sit while working. Id. She could shower and dress herself, but slowly. AR 45. She tried to walk 15 minutes per day, and some days she walked 20 or 25 minutes. AR 46. She could go grocery shopping with her husband or son, but she could not do laundry because she could only lift 5 to 10 pounds. AR 47. She testified that she does not vacuum because her apartment has no carpet, but she could not vacuum if she tried because she does not have the strength. AR 47-48. She cannot drive because she cannot feel her feet. AR 48. On good days, she could stand for as long as 30 minutes, but on bad days, only 10 minutes. AR 46. She testified that her right shoulder has damaged tendons from her surgery. AR 42. Plaintiff testified that she experienced water retention and swelling. AR

42. She has difficulty standing because of swollen knees. AR 46. She would get "tired a lot." AR 45.

The ALJ found that while Plaintiff's condition was likely to cause some pain and weakness, her testimony about the "intensity, persistence, and limiting effects" of her symptoms was "not entirely consistent" with the medical evidence and other evidence of record "for the reasons explained in this decision." AR 26. The ALJ explained that the medical evidence "does not document disabling symptoms." Id. The ALJ noted that many of the treating records memorialize Plaintiff's complaints to her doctors, but those complaints concerned headaches, generalized body aches, and gastrointestinal issues that "do not appear to be disabling or of any significant concern to her treating physicians." AR 26, citing AR 427-612.

As "other evidence," the ALJ contrasted Plaintiff's ability to perform personal care, go grocery shopping, and complete household tasks with her testimony that she could not lift as much as 10 pounds and lacked the strength to vacuum. AR 25-26. The ALJ also contrasted Plaintiff's reported activities with her claims to have "severe nerve damage with associated pain." AR 26.

**3. Analysis.**

Regarding the medical evidence, Plaintiff argues that the ALJ failed to identify what medical evidence is inconsistent with Plaintiff's testimony. (JS at 14.) The ALJ however, cited and contrasted her relatively minor complaints to treating physicians and "relatively normal" physical examination results. AR 26. The treating records cited by the ALJ include the following from the Oncology Institute of Hope and Innovation following her mastectomy in August 2015 (AR 42):

• 9/25/15: At this initial evaluation, Plaintiff denied or did not exhibit shortness of breath, chest pain, abdominal pain, and "neurologic symptoms or signs." AR 505. Her locomotor skills were "unremarkable." Id. The examining doctor found her "motor system normal" and "sensation grossly normal." AR 507.

- 10/19/15: Plaintiff reported "mild tenderness" around the area of her prior mastectomy. AR 498. She denied decreased energy level and weakness. AR 499. She also denied abdominal pain, muscle pain, and swollen joints. Id. She was referred to chemotherapy. AR 500.
- 10/27/15: She started chemotherapy. AR 495.
- 11/16/15: Plaintiff reported mild nausea and "2 episodes of headaches." Id. She denied the other adverse symptoms. AR 496. She reported that she may require a tooth extraction. AR 497. The doctor noted her diagnosis as "diabetes mellitus without complications." Id.
- 12/7/15: Similar to prior appointment. AR 484-86.
- 12/30/15: Plaintiff reported "last chemotherapy" caused "total body pains and headache." AR 479. She still denied decreased energy level, weakness, various pains, and swelling. AR 480. She had tried tramadol for headache pain, but it caused constipation, and the doctor recommended trying Motrin for headaches. AR 481.
- 1/20/16: Similar to prior appointment. AR 476-78. She was given amoxicillin for tooth pain. AR 476.
- 2/22/16: Similar to prior appointment. AR 469-71. She was cleared for a tooth extraction due to a chemotherapy hold. AR 471.
- 3/21/16: She reported abdominal pain lasting "2-3 days" after chemotherapy. AR 455. She denied other symptoms except "mild neuropathy." AR 457, 460. She had the tooth extraction. AR 458.
- 4/25/16: Plaintiff reported abdominal pain and headaches. AR 442. She again denied "weakness" and "muscle pain." Id. She was still having "some mild neuropathy." AR 443.
- 5/23/16: Similar to prior appointment. AR 427-29.
- 7/1/16: Similar to prior appointment. AR 423-25. Plaintiff reported some residual joint and bone pains and "mild numbness" in her hands and feet. Id.

The ALJ did not err in finding Plaintiff's reports to her doctor of her symptoms inconsistent with her hearing testimony. She consistently denied decreased energy rather than telling her doctors that she is "tired a lot." None of these examinations note unusual swelling and she consistently denied joint swelling, in contrast to her testimony that her swollen knees make it difficult for her to stand for longer than 10 minutes some days. These examinations noted no neurologic symptoms or "mild neuropathy" which is quite different from Plaintiff's testimony that her neuropathy is so severe that she cannot feel her feet.

Regarding her daily activities, Plaintiff argues that there is no inconsistency between her testimony and reported activities, because she testified that she performed them slowly and with breaks. (JS at 20-21.) The ALJ did not err in seeing inconsistency in Plaintiff's statements, on the one hand, that she can walk for 15-20 minutes per day and go grocery shopping, and on the other hand, that she cannot feel her feet and can only stand for 10-30 minutes. When asked about vacuuming, Plaintiff could have testified that she was unsure whether she could vacuum (just as she was unsure whether she could work with a sit/stand option) because she had not tried it recently. Instead, she testified that she lacked the strength to vacuum, testimony that the ALJ reasonably found exaggerated her limitations when she could admittedly do dusting, cleaning, shopping, and some cooking.

Considered together, the ALJ provided clear and convincing reasons to discount Plaintiff's subjective symptom testimony.

///
///
///
///
///
///

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner.

DATED: May 14, 2019

_____
KAREN E. SCOTT
United States Magistrate Judge